## CIRCUIT COURT OF AMHERST COUNTY

Robert Essex

v.

John Leslie Lawhorne

August 30, 1974

By JUDGE WILLIAM W. SWEENEY

As you know, a hearing was conducted at Amherst on July 22, 1974, at which time counsel agreed that the only issue before the Court was whether Judge C. G. Quesenbery, now retired, abused his discretion in allowing the defendant to file late responsive pleadings to the personal injury suit instituted by you for the plaintiff on March 4, 1966. This opinion letter is directed to that sole issue. Counsel have argued the case and filed authorities with the Court.

The record in the case is thin. While there are several orders and Clerk's memos, there are no available transcripts of the various hearings or the trial. I am further hampered in that this is an old case which was heard by a Judge no longer on the bench. As I read the record, the background of the case is as follows:

Plaintiff filed a motion for judgment on March 4, 1966, alleging that on September 20, 1964, he had been struck by a vehicle operated by the defendant who, according to defense counsel, is now deceased. Service on the defendant, Lawhorne, was made on March 11, 1966, by serving a copy of the pleadings on his wife. For reasons unknown to me, the defendant failed to file responsive pleadings within the 21 day period.

In a later response hereinafter referred to, counsel for the defendant alleged that the defendant was an uneducated man who failed to comprehend the legal significance of service on his wife and failed to mail the papers to the insurance company until May 14, 1966, when he received a letter from you advising him to do so.

On May 23, 1966, the case was set for hearing on June 2, 1966. The defendant was insured by Allstate Insurance Company which denied coverage to him because of his failure to notify it of the suit and because plaintiff's attorney refused to consent to late filing. Subsequently, Robert C. Goad, now a Circuit Judge, was employed by Lawhorne to represent him in the matter. At the June 2, 1966, hearing, the Court did not allow late pleadings to be filed but heard evidence as to liquidated damages only and took the case under advisement. The Court did not enter any judgment. Four days later, on June 6, the Judge wrote counsel advising that after further consideration of the matter he felt that defendant was entitled to a hearing on the question of the late filing of pleadings. I cannot tell from the file whether plaintiff moved for default judgment prior to the time the defendant requested an extension of time to answer.

A nunc pro tunc order of June 10, 1966, at Law Order Book R, page 55, reflects the proceedings described above and recited that the Court had heard evidence on the unliquidated damages on June 2, 1966, after which the case was taken under advisement. By leave of Court, on June 10, 1966, the defendant was permitted to reduce his oral request for extension of time for filing pleadings to writing and such written motion was accordingly filed on that date. The Court set a hearing on the motion for November 15, 1966, at which time a hearing was conducted but no order entered. It is important to note that the order of June 10, 1966, did not grant default judgment or any other judgment to the plaintiff. Even if .it had, the Court was within its rights in taking the case under advisement. There is nothing to indicate that the Court intended to enter a final default judgment against the

defendant for failure to file responsive pleadings within the time prescribed. Furthermore, the issue of damages could not have been concluded on June 2, 1966, since there were unliquidated damages to be determined.

On January 31, 1967, the Court allowed the defendant to file responsive pleadings within 21 days and such pleadings were filed. On May 25, 1967, the case was tried on its merits before a jury on all issues and the jury returned a verdict for the defendant. The plaintiff by counsel filed a written motion to set aside the jury verdict alleging as principle grounds abuse of discretion by the Court in allowing late filing of pleadings and the fact that the verdict was contrary to the law and the evidence. As I have said, only the first ground is before the Court at this time. Apparently, no action has been taken on the motion to set aside the verdict filed on June 5, 1967. In effect, I am ruling on that motion.

As I understand the contention of plaintiff's counsel, the Rules of Court automatically impose default judgment against the defendant if he is served with process in the manner prescribed by law and fails to respond within the time allotted. He also contends that the Court's action on June 2, 1966, in not allowing the filing of late pleadings at that time and hearing evidence on unliquidated damages amounted to a final judgment. Further, he claims that the Judge abused his discretion in later allowing late filing under the circumstances of the case.

I cannot agree with any of these contentions. Rule 3:5 and 3:17 do provide that if a defendant fails to file a pleading within the time limit he is in default. However, this is not the same as the entry of a <u>default</u> <u>judgment</u> by the Court. This is made clear by Rule 1:9 which provides that ". . . the time allowed for filing pleadings may be extended by the Court in its discretion <u>and</u> <u>such</u> <u>extension</u> <u>may</u> <u>be</u> <u>granted</u> <u>although</u> <u>the</u> <u>time</u> <u>fixed</u> <u>already</u> <u>has</u> <u>expired</u>. . ."

Even if a judgment had been entered by the Court on June 2, 1966, the Court was within its rights in vacating such judgment within 21 days thereafter. The fact that the Judge took the case under advisement on June 2, 1966, and wrote counsel four days later that he wanted to further consider the matter of late filing of pleadings clearly shows the Judge's intention.

The next question is whether, under the facts, the Judge abused his discretion in allowing late pleadings to be filed?

There is nothing in the record to show exactly why the Court felt that late filing of pleadings should be allowed. The Sheriff's return shows that no personal service was made on the defendant. I am not advised from the record whether the defendant actually received the motion for judgment within 21 days from the date of service. Neither am I advised as to whether the plaintiff could show the Court that he would be prejudiced in some manner by allowing pleadings to be filed late. Had the jury verdict been for the plaintiff, I doubt that any question would have been raised. Defendant's answer alleged that it would have been highly prejudicial to him if the case were not decided on its merits because the plaintiff was lying intoxicated in the road when he was struck. Whether this was true or not, I do not know, but the jury did not feel that plaintiff had a case.

Where the record is not clear as to why or how discretion was exercised by a judge, there is no presumption that it was abused. In fact, if there is any presumption at all in such circumstances, I would think it would be to the contrary. Absent a clear showing of abuse of discretion in such cases, the Judge's action should be sustained. This is particularly true where the record appears incomplete and the party alleging an abuse of discretion fails to carry the burden of proving it.

I have reviewed the various cases cited by counsel dealing with abuse of discretion in allowing pleadings

to be filed late, but I feel that most of the cases uphold the judge's exercise of discretion in similar circumstances. For the reasons stated, the motion to set aside the jury verdict of May 25, 1967, is hereby overruled.